**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IRMA DELGADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:26-cv-00965 |
| v. | ) | |
| | ) | |
| | ) | |
| TARGET STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | JUNE 26, 2026 |

**DEFENDANT, TARGET STORES, INC.'S ANSWER**
**TO COMPLAINT, AFFIRMATIVE DEFENSES AND JURY CLAIM**

Defendant Target Stores, Inc. ("Defendant") answers each and every allegation of

Complaint as follows:

**FIRST COUNT: NEGLIGENCE**

1.     Defendant is without knowledge or information sufficient to form a belief as to paragraph

one and therefore leaves the Plaintiff to her burden of proof.

2.     Denied as stated. Defendant Target Stores, Inc. is a corporation licensed to conduct business

in Connecticut.

3.     Denied as stated. Defendant operated a store at 125 Buckland Hills Drive in Manchester,

Connecticut.

4.     Denied as stated. Defendant operated a store at 125 Buckland Hills Drive in Manchester,

Connecticut. As to the remaining allegations, Defendant is without knowledge or information

sufficient to form a belief and therefore leaves the Plaintiff to her burden of proof.

5.     Denied.

6.    Denied.

7.    Denied as stated. Defendant operated and maintained the interior of the Target store. The remaining allegations in paragraph 7 contain legal conclusions to which no response is required.

8(a)-(j).  Denied.

9(a)-(m).  Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

WHEREFORE, Defendant requests that judgment enter in its favor and the court award all costs and fees.

Affirmative Defenses to Count I

1.    If the Plaintiff sustained injuries or damages as alleged in the complaint, said injuries and damages were proximately caused by the Plaintiff's own negligence in that Plaintiff:

    a.    failed to keep and maintain a proper lookout;

    b.    was inattentive to her surroundings;

    c.    failed to make reasonable and proper use of her services and faculties;

    d.    failed to take the necessary and proper precautions to observe the conditions then and there surrounding that were open and obvious; and

    e.    failed to act as a reasonable person would in the same or similar situation and use reasonable care for her own safety commensurate with the existing circumstances and conditions;

The Plaintiff's comparative negligence should bar or reduce any recovery by the Plaintiff in accordance with the provisions of Connecticut General Statutes § 52-572(h).

2.  The Plaintiff is barred from any recovery for her alleged injuries and damages, or her recovery, if any, should be reduced, because she failed to mitigate her damages.

<u>JURY CLAIM</u>

Defendant demands a trial by jury on all issues set forth in Plaintiff's Complaint.

Dated at Boston, MA this 26th day of June, 2026.

Defendant Target Stores Inc.,
By its attorney,

*/s/ Dawn M. Neborsky  #27985*
Dawn M. Neborsky, Esq.
Kiernan Trebach LLP
40 Court Street, 3rd Floor
Boston, MA 02108
Fed. Bar No. 27985
Tel: 617-426-3900
dneborsky@kiernantrebach.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 26th day of June, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated don the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Dawn M. Neborsky  #27985*
Dawn M. Neborsky, Esq.